UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:26-cv-01219-SSS-SSC | Date | March 17, 2026 |
|---|---|---|---|
| Title | *Mohamed Chekchekani v. Geo Adelanto ICE Processing Center* | | |

Present: The Honorable      SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**      **(IN CHAMBERS) ORDER (1) ENJOINING RESPONDENTS FROM TRANSFERRING PETITIONER; (2) DIRECTING RESPONDENTS TO FILE A RESPONSE TO PETITIONER'S TRO; AND (3) REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER TO CONSIDER APPOINTMENT OF COUNSEL**

On March 12, 2026, Petitioner Mohamed Chekchekani, a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, and who is proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ["Petition," Dkt. No. 1]. Petitioner also filed an application for a temporary restraining order. ["Application," Dkt. No. 2].

**To preserve the Court's jurisdiction, Respondents are ENJOINED from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court.**

**Additionally, the Court ORDERS Respondents to submit a Response to the Application by March 20, 2026.**

Furthermore, based on the allegations in the Petition, the Court finds this case appropriate for referral to the Federal Public Defender for the Central District of California ("FPD") for appointment of counsel.  There is no absolute right to appointment of counsel in habeas proceedings.  *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  Appointment of counsel may be authorized at any stage of the proceedings, however, if "the interests of justice so require[.]"  18 U.S.C. § 3006A(a)(2).  The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the *Weygandt* factors sufficiently support the appointment of counsel to represent Petitioner.  The FPD has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas corpus proceedings such as this one.  Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner.

The FPD is **ORDERED** to file a response by **March 25, 2026**, indicating whether the FPD will represent Petitioner in this matter.  This obligation shall be satisfied if the FPD files a notice of appearance in this case.  Should the FPD represent Petitioner in this matter, counsel shall file a Reply to Respondents' response to Petitioner's Application within seven days following the notice of appearance date.  Upon receipt of the Reply, the Application will be taken under submission.

The Clerk is **DIRECTED** to serve a copy of this order and the Petition on the FPD.

**IT IS SO ORDERED**.

cc: FPD [ATTN: cac_appointments@fd.org; jonathan_aminoff@fd.org]