UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01219-SSS-SSC                Date: March 26, 2026

Title     Mohamed Chekchekani v. Geo Adelanto ICE Processing
          Center

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

                Teagan Snyder                              n/a
                 Deputy Clerk                    Court Reporter / Recorder

     Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:
             None Present                          None Present

**Proceedings:**   (IN CHAMBERS) **Order Transferring Action to the
United States District Court for the Southern District of
Mississippi**

On March 12, 2026, *pro se* Petitioner Mohamed Chekchekani filed
a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his
immigration detention.[1]  (ECF 1.)  Respondents seek dismissal, or in the

---

[1] The signed petition is dated January 28, 2026.  (ECF 1 at 13.)
However, based on the return address and the postmark, it appears
someone other than Petitioner mailed the petition.  (*Id.* at 15.)  The
return address lists a Minnesota address for Anisa Chekchekani, and
the postmark, also from Minnesota, is dated March 10, 2026.  (*Id.*)

Under the "mailbox rule," a *pro se* prisoner's federal habeas
petition is deemed filed on the date the prisoner delivers it to prison
authorities for forwarding to the clerk of the court.  *Huizar v. Carey*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-01219-SSS-SSC                Date: March 26, 2026

Title        Mohamed Chekchekani v. Geo Adelanto ICE Processing
             Center

alternative, transfer to the Southern District of Mississippi.  (ECF 6 at 3.)

For habeas petitions challenging physical confinement, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  The Ninth Circuit has applied this district-of-confinement rule to habeas challenges to immigration detention such as this case.  *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020).  Habeas jurisdiction is established at the time of filing.  *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018). Courts are authorized to transfer an action to a court in which the action could have been brought at the time it was filed to cure lack of jurisdiction or improper venue in the interest of justice.  *See* 28 U.S.C. § 1406 (venue); 28 U.S.C. § 1631 (jurisdiction).

---

273 F.3d 1220, 1222 (9th Cir. 2001).  The Supreme Court recognized in *Houston v. Lack* that, while other litigants who choose to mail assume the risk of untimely delivery and filing, "a *pro se* prisoner has no choice but to hand his [filing] over to prison authorities for forwarding to the court clerk."  487 U.S. 266, 275 (1988) (explaining the policy rationale behind the mailbox rule).  The mailbox rule does not apply to mail from third parties; it is limited to prison authorities.  *See Chang v. Cate*, No. CV 10-7543-JFW (MAN), 2011 WL 1898207, at *1 n.3 (C.D. Cal. Apr. 12, 2011) ("Having elected to rely on someone else to mail and file his court documents, [p]etitioner is not entitled to have the 'mailbox rule' applied." (citing *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)).  Accordingly, the mailbox rule does not apply here, and the filing date of the petition is March 12, 2026.  (ECF 1.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-01219-SSS-SSC                    Date: March 26, 2026

Title       Mohamed Chekchekani v. Geo Adelanto ICE Processing
             Center

Respondents maintain that, since March 9, 2026, *i.e.*, before the petition was filed, Petitioner has been detained at Adams County Correctional Center.  (ECF 6 at 2.)  Adams County Correctional Center is in Adams County, Mississippi, and thus, within the jurisdictional boundaries of the Southern District of Mississippi, 28 U.S.C. § 104(b). *See Adams County Correctional Center*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/detain/detention-facilities/adams-county-detention-center (last visited Mar. 24, 2026) (listing physical address of Adams County Correctional Center as 20 Hobo Fork Rd. Natchez, MS 39120). Accordingly, jurisdiction did not exist in the Central District of California at the time the petition was filed.

Therefore, in the interest of justice, IT IS ORDERED that the Clerk of this Court transfer this matter to the United States District Court for the Southern District of Mississippi.[2]

**IT IS SO ORDERED.**

                                                                :
                                        Initials of Preparer    **ts**

---

[2] "Because an order transferring venue does not address the merits of the case, it is a nondispositive matter that is within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." *Drennen v. Certain Underwriters at Lloyd's of London*, No. 2:20-mc-0330-DMG-AFMx, 2021 WL 4978459, at *2 n.1 (C.D. Cal. Feb. 16, 2021); *Corrinet v. Burke*, No. 6:11-cv-06416-TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012) (same).