**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MOHAMED CHEKCHEKANI**                                           **PETITIONER**

                                           **CASE No. 5:26-cv-00228-DCB-BWR**

**GEO ADELANTO ICE**                                           **RESPONDENT**
**PROCESSING CENTER**

**ORDER REQUIRING PETITIONER
TO RESPOND TO MOTION TO DISMISS**

This cause comes before the Court *sua sponte.* On April 9, 2026, Respondent filed a Motion to Dismiss [19] alleging that the Petition should be dismissed for lack of personal jurisdiction. Petitioner has not filed a response to the Motion to Dismiss and is ordered to file a response on or before **May 22, 2026**.

If Petitioner fails to file a timely response, the Petition may be dismissed for failure to prosecute. A suit may be dismissed for failure to prosecute and obey orders of the Court pursuant to Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss an action *sua sponte. Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, to achieve the orderly and expeditious disposition of cases. *Id.* at 629-30. The Court's authority to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute extends to habeas petitions. *Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).

**IT IS, THEREFORE, ORDERED** that Petitioner is ordered to file a response to Respondent's Motion to Dismiss [19] on or before **May 22, 2026.** If Petitioner fails to file a timely response, the Petition may be dismissed without prejudice and without further notice to Petitioner.

**SO ORDERED**, this 4th day of May 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE