IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MOHAMED CHEKCHEKANI                                         PETITIONER

V.                                          Cause No. 5:26-cv-00228-DCB-BWR

GEO ADELANTO ICE PROCESSING                                RESPONDENT
CENTER

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

*pro se* by Mohamed Chekchekani. The Petition should be dismissed as moot because

Petitioner has been removed from the United States.

Petitioner "is a native of Kenya and a citizen of Somalia" who, when he filed

the Petition in March 2026, was subject to a final order of removal and detained by

U.S. Immigration and Customs Enforcement (ICE). Mot. [2] at 1; ICE Decl. [6-1] at

1. Petitioner was detained on October 24, 2025, after completing a sentence of 120

months in the custody of the Federal Bureau of Prisons for "Use of a Facility of

Interstate Commerce in Aid of a Racketeering Enterprise." ICE Decl. [24-1] at 1-2.

Petitioner filed his § 2241 Petition [1] and a Motion for Temporary Restraining

Order [2] against Geo Adelanto ICE Processing Center, in the United States District

Court for the Central District of California, seeking relief from third-country removal

and an opportunity to raise fear-based claims. Pet. [1] at 1; Mot. [2] at 1. Petitioner

also claimed that his right to due process was violated by unreasonably long

detention. Mot. [2] at 15. Petitioner requested "additional procedural protection

against third-country removal" and to be released "from custody back to the order of

supervision that petitioner has been on since 2 years ago when [his] final order was issued." *Id.* at 29.

Petitioner signed the Petition on January 28, 2026, but the Petition was not mailed until March 10, 2026, when a person named Anisa Chekchekani mailed it from Plymouth, Minnesota. Certified Mail [1] at 15. By the time the Petition was filed in the Central District of California, Petitioner had been transferred to Adams County Correctional Center in Natchez, Mississippi. ICE Decl. [6-1] at 1. Petitioner was booked into the Adelanto ICE Processing Center on October 26, 2025 and booked into Adams County Correctional Center on March 9, 2026. ICE Decl. [6-1] at 1. On March 26, 2026, the Central District of California transferred this case here because Petitioner was detained within this District when the Petition was filed. Order [12].

On April 9, 2026, Respondent filed a Motion to Dismiss for Lack of Personal Jurisdiction [19] because "the person with custody over Chekchekani is the Warden of Adams County Correctional Center, not GEO Adelanto ICE Processing Center." Mot. [19] at 2. Respondent claimed that "Chekchekani's petition against Geo Adelanto ICE Processing Center should be dismissed due to lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)." Mem. [20] at 4.

Petitioner did not respond to the Motion to Dismiss. On May 4, 2026, the Court issued an Order to Show Cause requiring Petitioner to respond to the Motion to Dismiss on or before May 22, 2026. Order [21] at 1-2. Petitioner was warned that if he failed to file a timely response, the Petition would be subject to dismissal without

2

prejudice for failure to prosecute and obey orders of the Court pursuant to Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss an action *sua sponte. Id.*

May 22, 2026 passed without Petitioner responding to the Motion to Dismiss for Lack of Personal Jurisdiction or the Order to Show Cause. Mail sent to Petitioner at Adams County Correctional Center was returned as undeliverable on May 4, 2026 and June 12, 2026. Returned Mail [22] [25]. On June 3, 2026, Respondent was ordered to inform the Court on or before June 12, 2026 whether Petitioner had been released from ICE custody. Ord. [23]. Respondent timely provided a Declaration from an ICE Supervisory Detention and Deportation Officer who averred that "on March 26, 2026, Petitioner was removed from the United States to Somalia via ICE Air Operations (IAO) Charter flight number 26-03368 from AEX to HKJK." Declr. [24-1] at 2.

## II. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d

480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because Petitioner has been released from ICE custody and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

### III. RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice as moot.

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

  **SIGNED,** this 15th day of June 2026.

     *s/ Bradley W. Rath*

     BRADLEY W. RATH
     UNITED STATES MAGISTRATE JUDGE